UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN
COURT MINUTES

CHAPTER	7
DATE:	March 29, 2010
JUDGE:	Margaret Dee McGarity
CASE NO.:	09-34847-MDM
DEBTOR:	Gerald J. and Susan R. Pieschel
NATURE OF HEARING:	Evidentiary hearing on the United States Trustee's motion for determination of reasonable value of services.
APPEARANCES:	Debra Schneider, Trial Attorney for U.S. Trustee
	Jennifer Valente, Petition Preparer
	Gerald J. and Susan R. Pieschel, Debtors
COURTROOM DEPUTY:	Carolyn A. Belunas
TIME:	2:32 - 3:22 p-m

### Testimony of Gerald J. and Susan R. Pieschel

Mr. and Mrs. Pieschel are the joint debtors in this case. They contacted an attorney for legal advice with respect to filing for bankruptcy. However, they were not satisfied with the attorney's responses because they were vague and he did not provide concrete answers. They paid a consultation fee to the attorney in the amount of $300, but chose not to retain him because his fees were too high. The debtors compiled all of their bills and financial records and hired Jennifer Valente, a petition preparer, to assist them with filing for bankruptcy. They paid Ms. Valente $550 (Exhibit 2 and 3) to prepare the bankruptcy petition and schedules (Exhibit 1). The debtors met with Ms. Valente and had numerous conversations with her over the course of the bankruptcy and prior to the § 341 meeting of creditors. At the § 341 meeting of creditors the trustee informed them there were problems with the schedules. The debtors went through all of the documents to ensure all of the errors were corrected. The debtors acknowledged Ms. Valente's signature does not appear on the petition or schedules. They do not believe Ms. Valente's fees are warranted.

### Testimony of Jennifer Valente

Ms. Valente is the petition preparer in this case. She was contacted by the debtors to assist them with the preparation of their bankruptcy petition and schedules. She met with them and had numerous conversations over the course of the bankruptcy. The preparation of the schedules took her approximately fifteen hours. She also spent a lot of time straightening out issues with student loan debts which were co-signed by the debtors. She inadvertently forgot to sign the petition and to provide the petition preparer disclosure, her social security number and address. In addition, she failed to disclose the debtors paid an attorney $300 for a bankruptcy consultation. She presented a signed Notice to Debtor by Non-Attorney Bankruptcy Petition Preparer (Exhibit 10). However, it appears the document did not get filed at the time the debtors presented the petition and schedules to the bankruptcy court for filing. She is very careful not to give legal advice to her clients. Ms. Valente has since reduced her petition preparer fees to $225, and she believes this is a reasonable fee in this case.

### Argument

Ms. Schneider believes the U.S. Trustee has shown that Ms. Valente, the petition preparer, violated § 110, and her fees of $550 are excessive. Ms. Valente failed to sign the bankruptcy petition, schedules and statement of financial affairs and provide her address, violating § 110(b)(1); she failed to disclose her social security number as required by § 110(c)(2)(A); and she failed to disclose her receipt of $550 as required by § 110(h)(2), and she gave legal advice regarding exemptions. Ms. Schneider requested the court sanction Ms. Valente up to $500 for each violation.

### Decision

The court granted the United States Trustee's motion for a determination of reasonable value of services under 11 U.S.C. § 110(h)(3). The court found there was a lack of care in the preparation of the petition and schedules, and three omissions that concealed the identity of the bankruptcy petition preparer which could

1

not all have been inadvertent. A fee of $225 is more appropriate in this case for the services that were rendered. Therefore, Ms. Valente shall disgorge $325 made payable to the debtors, which shall be sent to the United States Trustee's Office within sixty (60) days of the date of the order.

Pursuant to 11 U.S.C. § 110(l)(1), Ms. Valente is sanctioned a total of $300 for three violations of 11 U.S.C. § 110, which shall be made payable to the United States Trustee Fund and shall be sent to the United States Trustee's Office, within sixty (60) days of the date of the order.

Ms. Schneider will submit an order.

2